UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN PAUL BARRIOS<br>1011 KIPLING ROAD<br>ELIZABETH, NJ 07208 | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br><br> NO. |
| v. | : <br> : | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Ave.<br>Washington, DC 20002 | : <br> : <br> : <br> : | <br>JURY TRIAL DEMANDED |

## COMPLAINT

1. The Plaintiff, John Paul Barrios, is a citizen of New Jersey residing at 1011 Kipling Road, Elizabeth, New Jersey.

2. The Defendant, Amtrak, is a corporation organized and existing under the laws of the District of Columbia, doing business in New Jersey as well as in and among several states of the United States and whose principal place of business and address for service of process is 600 Massachusetts Avenue, Washington, DC 20002.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive, and under the Roadway Protection Act.

4. The defendant, Amtrak, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of New York, and other states and

territories of the United States.

5. The acts of omission and commission causing injuries to the Plaintiff were done by the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6. The Plaintiff was employed by defendant railroad and was acting in the scope of his employment by the defendant as a freight conductor and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8. On or about September 27, 2019, at approximately 11:30 pm at Inwood, Plaintiff was a trackman traveling on the line when the spike puller that he was piloting came to a complete and violent stop over a road crossing when the turn table of the spiker puller collided with the road crossing. As a result of this violent stop, Plaintiff was sent forward into the machine he was piloting causing injury to his left rib/abdominal area and severe lacerations to his arms and back.

9. Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

    b) in failing to comply with safety rules and regulations of the defendant;

    c) in failing to comply with the operating rules and regulations of the defendant;

    d) in failing to have the road crossing too high for the spike puller to clear;

    e) in failing to have the spike puller in original design shape;

  f)  in using chain links to hold turn table up on the spike puller;

  e)  in keeping the spike puller in service by not making qualified and quality repairs or replacing it;

  f)  negligence of the defendant's agents, servants, workmen and/or employees; and

  g)  in failing to comply with the applicable government regulations regarding the safety of on-track machines and the Road Worker Protection Act

10. As a result of the aforesaid, Plaintiff suffered injuries fracturing several ribs among other injury.

11. As a result of the aforesaid, Plaintiff had incurred a medically determinable physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary work and limited his mobility and daily activities as well as enjoyment of life.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

WHEREFORE, the Plaintiff demands judgment against the defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

          KELLER & GOGGIN, P.C.


        BY: */s/ James M. Duckworth*
          JAMES M. DUCKWORTH, ESQUIRE
          *Counsel for Plaintiff*

Dated: April 27, 2020